UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 7 |
| ALAN EDWARD SCHOENING | Case No. 24-22301 (SHL) |
| Debtor. | |

---------------------------------------------------------------x

| | |
|---|---|
| CLARK GOLESTANI, | |
| Plaintiff, | |
| v. | Adv. Proc. No. 24-07018 (SHL) |
| ALAN EDWARD SCHOENING, and | |
| B CUBED LLC, | |
| Defendants, | |

---------------------------------------------------------------x

## ORDER GRANTING
## MOTION TO DISMISS FIRST AMENDED COMPLAINT

Before the Court is the motion by debtor and defendant Alan Edward Schoening (the "Debtor") seeking dismissal of the first amended complaint in the above-captioned adversary proceeding (the "First Amended Complaint") [ECF No. 7] filed by Clark Golestani (the "Plaintiff") against the Debtor and non-Debtor B Cubed LLC ("B Cubed," and together with the Debtor, the "Defendants"). *See Motion to Dismiss First Amended Complaint* [ECF No. 8] (the "Motion"). The Plaintiff subsequently filed an opposition to the Motion. *See* Opposition to Motion to Dismiss [ECF No. 10] (the "Opposition"). For the reasons set forth below, the Court grants the Motion and dismisses the instant case without prejudice.

## LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 12(b)(6), made applicable by Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 7012, provides that a complaint must be dismissed if it fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). In

analyzing a motion to dismiss under Rule 12(b)(6), a court looks to whether a plaintiff has pleaded "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Additionally, Rule 8 requires "at a minimum, that a complaint give each defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." *Atuahene v. City of Hartford*, 10 Fed. App'x 33, 34 (2d Cir. 2001) (internal citation and quotation omitted). The court must determine "whether the well-pleaded factual allegations, assumed to be true, plausibly give rise to an entitlement to relief." *Hayden v. Paterson,* 594 F.3d 150, 161 (2d Cir. 2010) (citing *Iqbal,* 556 U.S. at 679). A court must proceed "on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555. The court must also draw all reasonable inferences in favor of the non-moving party. *See Ganino v. Citizens Utils. Co.,* 228 F.3d 154, 161 (2d Cir. 2000).

Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Rule 9(b) "seeks to provide a defendant with sufficient and fair notice of the plaintiff's claim in order to enable that defendant to defend him or herself, protect a defendant's reputation from the harm that can flow from unfounded accusations of fraud, and reduce the number of strike suits." *Securities Inv'r Protec. Corp. v. Stratton Oakmont, Inc.*, 234 B.R. 293, 309 (Bankr. S.D.N.Y. 1999) (citing *Campaniello Imports, Ltd. v. Saporiti Italia,* 117 F.3d 655, 663 (2d Cir. 1997); *O'Brien v. National Prop. Analysts Partners,* 936 F.2d 674, 676 (2d Cir. 1991)). Thus, "the complaint must: (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the

2

statements were fraudulent." *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 290 (2d Cir. 2006). That said, the rule "does not require factual pleadings that demonstrate the probability of wrongdoing." *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 174 (2d Cir. 2015) (alteration omitted) (quoting *Iqbal*, 556 U.S. at 678). "At the pleadings stage, the alleged fraud need only be plausible based on the complaint; it need not be more likely than other possibilities." *Id.* (citing *Twombly*, 550 U.S. at 556) ("[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.") (citation and internal quotation marks omitted)); *cf. Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 360 (2d Cir. 2013) ("*Iqbal* . . . requires assertions of facts supporting a *plausible* inference of fraud—not of facts which can have no conceivable other explanation.").

## DISCUSSION

In his First Amended Complaint, Plaintiff asserts the following causes of action: (1) a claim of nondischargeabilty under Section 523(a)(2) of the Bankruptcy Code (the "First Claim"); (2) a claim of nondischargeabilty under Section 523(a)(4) of the Bankruptcy Code (the "Second Claim"); (3) a claim for denial of discharge under Section 727 of the Bankruptcy Code (the "Third Claim"); and (4) declaratory relief (the "Fourth Claim"). First Am. Compl. ¶¶ 59, 147-49. The Court will address each in turn.

The first two claims asserted by Plaintiff arise out of a loan from Plaintiff to an entity called Meso Delray LLC ("Meso"), a loan which went largely unpaid after Meso filed for bankruptcy. First Am. Compl ¶ 8-9. Debtor-Defendant Alan Schoening was the managing member of Meso. *Id.* ¶ 17. The loan was guaranteed by an individual named Bobby Khorrami and an entity named B Conscious, for which Defendant Schoening is the Managing Member. *Id.*

¶ 9.  B Conscious is a closely held shell entity made up primarily of a small group of business partners "that was designed primarily and solely as a corporate veil." *Id.* ¶ 10.  Neither Defendant was a borrower on the loan nor did either Defendant provide a guaranty on the loan. *See* Loan Agreement [ECF No. 7-1].  Instead, Plaintiff generally asserts that Debtor is liable on the loan through B Conscious, a non-debtor entity which Plaintiff alleges engaged in fraudulent conduct to abet Meso in securing the loan from the Plaintiff.  First Am. Compl. ¶¶ 8-9.  The alleged chain of connection between Debtor and Plaintiff is as follows: Debtor owns 100% of Defendant B Cubed, B Cubed owns a minority stake in B Conscious, and B Conscious—along with non-party Bobby Khorrami—guaranteed the Loan Agreement between Meso and Plaintiff. First Am. Compl. at ¶¶ 3, 8 –14.  As the Debtor here is neither the borrower on the loan nor a guarantor, Plaintiff's claims rely then on a finding of alter ego on two levels: from B Conscious to B Cubed, and from B Cubed to the Debtor.  *See* First Am. Compl. ¶¶ 1, 4-5, 9, 147.  Indeed, Plaintiff concedes in his First Amended Complaint that the "liability of Defendant and co-Defendant are contingent on a finding of liability directly on behalf of B CONSCIOUS." *Id.* at ¶ 147.

To find that a debt is excepted from discharge, a determination "must be made on three separate issues: (1) liability, (2) the amount of damages, if any, and (3) dischargeability." *Koper v. Trinity Christian Ctr. Of Santa Ana, Inc.* (*In re Koper*), 516 B.R. 707, 719 (Bankr. E.D.N.Y. 2014).  Here, there is no finding that B Conscious, a non-defendant non-debtor, is liable for the alleged debt.  As such, it is premature to address nondischargeabilty here.  *See* 11 U.S.C. § 523(a) (requiring a debt); 11 U.S.C. § 101(12) ("The term 'debt' means liability on a claim"); *see also FCC v. NextWave Personal Commc'ns*, 537 U.S. 293, 302 (2003) (explaining that "debt" as

4

used in the Bankruptcy Code means liability on a claim, and claim means "enforceable obligation").

Moreover, Plaintiff's allegations fail to provide the necessary facts to establish a claim under Section 523 against the Debtor. For Section 523(a)(2), the Plaintiff must show money or other value obtained by, among other things, a false representation, false pretenses, or actual fraud or a materially false statement in writing as to the debtor's financial condition. For Section 523(a)(4), the Plaintiff must establish a debt arising out of fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny. For both of the Section 523 claims here, Plaintiff's allegations fail to identify specific acts or statements by the Debtor that might satisfy either of these provisions as to the Debtor.[1] Instead, the Plaintiff provides only very general or conclusory statements. *See e.g.*, First Am. Compl. ¶ 19 ("Debtor had knowledge and was aware of the existence and provisions of the loan agreement and guaranty"); *id.* ¶ 22, ("Debtor knew or should have known of Khorrami's signature on the loan and guaranty…"). Sometimes these allegations do not even mention the Debtor. *See*, *e.g.*, *id.* ¶ 20 (alleging that B Conscious and Khorrami acted fraudulently in signing the guarantee); *id.* ¶ 79 (stating that the representations of Khorrami and B Conscious "were implicitly designed to induce Plaintiff to issue the loan agreement and guaranty and transfer the funds…").

To the extent the Complaint does allege a fraudulent act, it does so in a way that fails to state a claim against the Debtor under Section 523. For example, Plaintiff alleges fraud as to a loan other than the one at issue here—between Plaintiff and non-party Feenix (the "Feenix Loan")—and without allegations that would provide the necessary connection to the loan here

---

[1] While B Cubed is named as a Defendant in this adversary proceeding, a claim for nondischargability can only be made against a debtor. See 11 U.S.C. § 523(a) ("A discharge under section 727, 1141, 1192, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual *debtor* from any debt") (emphasis added).

being nondischargeable as to Debtor. *See id.* ¶¶ 27, 64 (alleging that it was Debtor and B Conscious's mail and/or wire fraud that allowed approval for the Feenix Loan and other agreements and that the Debtor provided Feenix with certain information); *see id.* ¶¶ 80-81 (alleging that if Khorrami was not an authorized signatory on the guaranty, then he acted as a fraudulent agent and fraud in any part of the transaction renders the entirety of the debt nondischargeable). This lack of specificity is particularly problematic given that Plaintiff is alleging fraud.

Plaintiff's Third Claim asserts that Debtor's discharge should be denied under 11 U.S.C. § 727. *See* First Am. Compl. ¶¶ 138, 146. Section 727(a) states that the Court "shall grant the debtor a discharge" unless one of the exceptions enumerated in the statute applies. 11 U.S.C. § 727(a). Plaintiff's Third Claim alleges that the applicable exceptions are under Sections 727(a)(4)(A) and 727(a)(5) of the Bankruptcy Code. 11 U.S.C. §§ 727(a)(4)(A) ("debtor knowingly and fraudulently, in or in connection with the case—made a false oath or account"); 11 U.S.C. § 727(a)(5) ("the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities[.]"). A claim under Section 727(a)(4)(A) is subject to the heightened pleading standard of Rule 9(b). *See Demas v. Demas*, 150 B.R. 323, 328 (Bankr. S.D.N.Y. 1993) (dismissing Section 727(a)(4)(A) claim as deficient under Rule 9(b) for failure to articulate how debtor's financial statements are deficient). As such, the claim must: "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 290 (2d Cir. 2006). This count of the Complaint is deficient under Rule 9(b) as no statements are adequately identified, and the explanations for why Debtor's oaths

6

are false are insufficient. By way of example, the Complaint states that "Debtor provided False Testimony regarding his business interests in New York, including his connections with 100 Park Avenue during the same 341 meeting." First Am. Compl. ¶ 145. There is no indication as to how such a statement was fraudulent or whether there are other specific statements that were fraudulent. For this reason, the claim cannot stand as pled.

To survive a motion to dismiss a claim under Section 727(a)(5), a complaint "must allege a loss or deficiency of assets" as well as a debtor's "failure to satisfactorily explain the loss." *Robinson v. Robinson* (*In re Robinson*), 595 B.R. 148, 161 (Bankr. S.D.N.Y. 2019). To deny a discharge under § 727(a)(5), the plaintiff must prove that:

> (1) debtor at one time, not too remote from the bankruptcy petition date, owned identifiable assets; (2) on the date the bankruptcy petition was filed or order of relief granted, the debtor no longer owned the assets; and (3) the bankruptcy pleadings or statement of affairs do not reflect an adequate explanation for the disposition of the assets.

*In re White*, 568 B.R. 894, 913 (Bankr. N.D. Ga. 2017). Plaintiff complains that Debtor testified that he has withdrawn tens of thousands in cash from his retirement account but Plaintiff fails to identify the amount or when this occurred. First Am. Compl. ¶¶ 139-40. Plaintiff also alleges that Debtor had been paid back money from debtor-in-possession financing that he offered in the MESO bankruptcy, along with investments to him and/or BCL. *Id.* ¶ 141. But once again, Debtor fails to offer specifics, including the amount of the investments and the timing of such money coming into the Debtor's possession other than offering the conclusion that "it should have been" within fifteen months of the Debtor's filing date. *Id.*[2] For this reason,

---

[2] Plaintiff also complains that the Debtor has misstated his liability to his attorney or his precise membership interest in B Conscious. But there is no explanation as to how such issues would satisfy the requirements for a claim under Section 727.

7

the claim cannot survive the Motion and for all the reasons stated *supra*, the Third Claim must be dismissed under Rule 12(b)(6) for failure to state a claim.

Plaintiff's Fourth Claim requests that this Court grant a "declaratory judgment that the portion of Plaintiff's New York Supreme Court action which is against B CONSCIOUS be deemed not subject to DEBTOR's bankruptcy stay[.]" First Am. Compl. ¶ 149. However, such relief is improperly requested in this adversary proceeding. Relief from the automatic stay is obtained by a motion and it is a "contested matter," rather than an adversary proceeding. *See* Fed. R. Bankr. P. 4001; Fed. R. Bankr. P. 9014. Accordingly, the Fourth Claim is improperly brought in this adversary proceeding and must be dismissed pursuant to Rule 12(b)(6). *See* Fed. R. Bankr. P. 7001(i).

## **CONCLUSION**

For all the reasons set forth above, the Court grants the Motion and dismisses the instant case without prejudice. The Court notes that the Plaintiff and many of the entities discussed above were in prepetition litigation in state court, which has been stayed by the bankruptcy as to the Debtor. But resolution of that litigation might be appropriate—indeed necessary—to determine whether any underlying liability exists for the Debtor in connection with the underlying facts asserted here that cut across several related corporate entities and a number of individuals. If Plaintiff prevailed on its claim against the Debtor, then a determination on dischargeability might then become necessary. To the extent that any party believes that grounds exist to lift the automatic stay to proceed with that state court litigation, such an application can be made to the Court.

IT IS SO ORDERED.

Dated: White Plains, New York
      October 9, 2025

*/s/ Sean H. Lane*
UNITED STATES BANKRUPTCY JUDGE